E-filing

1 | MARTIN J. EVERSON, ESQ. (State Bar No. 76350)
AARON T. SCHULTZ, ESQ. (State Bar No. 222949)
2 | GALLOWAY, LUCCHESE, EVERSON & PICCHI
A Professional Corporation
3 | 1676 North California Blvd., Suite 500
Walnut Creek, CA 94596-4183
4 | Tel. No. (925) 930-9090
Fax No. (925) 930-9035
5 | E-mail: aschultz@glattys.com

6 | Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER - JOHN GEORGE PSYCHIATRIC PAVILLION
7



**FILED**

OCT 2 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8 |                    IN THE UNITED STATES DISTRICT COURT

9 |                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 |                            OAKLAND DIVISION

11 | ANNETTE M. FILENA, individually and as          Case No. **C07-05462**
successor in interest for decedent, Debra
12 | Kincaid,

13 |                    Plaintiff,                    **DECLARATION OF AARON T. SCHULTZ IN
SUPPORT OF DEFENDANT ALAMEDA
14 |        vs.                                       COUNTY MEDICAL CENTER - JOHN
GEORGE PSYCHIATRIC PAVILLION'S
15 | ALAMEDA COUNTY MEDICAL CENTER -                  NOTICE OF REMOVAL OF ACTION
JOHN GEORGE PSYCHIATRIC PAVILLION
16 | and DOES 1-100, inclusive,                       **BY FAX**
17 |                    Defendants.

18 | _____

19 |        I, Aaron T. Schultz, certify and declare as follows:

20 |        1.      I am an attorney at law duly licensed to practice in the State of California and an

21 | associate with the law firm of GALLOWAY, LUCCHESE, EVERSON & PICCHI, attorneys of

22 | record for defendant ALAMEDA COUNTY MEDICAL CENTER - JOHN GEORGE

23 | PSYCHIATRIC PAVILLION (hereafter "ACMC"). I have personal knowledge of the facts stated

24 | herein, except those based on information and belief, and if called and sworn as a witness, I

25 | would and could testify competently under oath thereto. I submit this declaration in support of

26 | ACMC's Notice of Removal of Action.

27 |        2.      I am informed and believe that on September 20, 2007, a complaint was filed

28 | against ACMC in the Superior Court of California, County of Alameda, as Case

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

: DECL. OF AARON T. SCHULTZ IN SUPPORT OF DEF. ALAMEDA COUNTY MED. CTR.-
JOHN GEORGE PSYCHIATRIC PAVILLION'S NOTICE OF REMOVAL OF ACTION

200-8155/ATS/340681.doc

10570683.tif - 10/25/2007 1:40:05 PM

1 | No. RG07347289. I am further informed and believe that on September 26, 2007, defendant
2 | ACMC was personally served with the complaint.

3 |     3.     Attached hereto as **Exhibit A** are true and correct copies of the Summons,
4 | Complaint, Civil Cover Sheet, and Declaration by Decedent's Successor in Interest Annette M.
5 | Filena, the Notice of Judicial Assignment for All Purposes, and the Proof of Service of Complaint
6 | filed with the Superior Court of Contra Costa County as Case No. RG07347289.

7 |     4.     I am informed and believe that there have been no further proceedings in case
8 | No. RG07347289, and no other pleadings have been filed or served upon plaintiff or ACMC in
9 | this action.

10 |     I declare under penalty of perjury under the laws of the United States that the foregoing
11 | is true and correct.

12 |     Executed on this 25th day of October, 2007, in Walnut Creek, California.

14 |                                      AARON T. SCHULTZ, ESQ.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

: **DECL. OF AARON T. SCHULTZ IN SUPPORT OF DEF. ALAMEDA COUNTY MED. CTR.-
JOHN GEORGE PSYCHIATRIC PAVILLION'S NOTICE OF REMOVAL OF ACTION**

200-8155/ATS/340881.doc

10570683.tif - 10/25/2007 1:40:05 PM

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALAMEDA COUNTY MEDICAL CENTER- JOHN GEORGE
PSYCHAITRIC PAVILLION and DOES 1-100, Inclusive.



F I L E D
ALAMEDA COUNTY

SEP 2 0 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
ANNETTE M. FILENA, individually and as successor in interest for
decedent, Debra Kincaid,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER<br>*(Número del Caso)*<br>RG 07 3472 89 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John H. Scott                                              (415) 561-9600          (415) 561-9609
Scott Law Firm
1375 Sutter Street, Suite 222
San Francisco, CA 94109
DATE:    SEP 2 0 2007              Pat S. Sweeten    Clerk, by _Dasha Perry_, Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

Exhibit A



1  John Houston Scott  (SBN 72578)
   Lizabeth N. de Vries  (SBN 227215)
2  SCOTT LAW FIRM
   1375 Sutter Street, Suite 222
3  San Francisco, CA 94109
   Tel:  (415) 561-9600
4  Fax:  (415) 561-9609

5  Attorneys for Plaintiff,
   Annette M. Filena

6

7

**F I L E D**
ALAMEDA COUNTY

SEP 2 0 2007

CLERK OF THE SUPERIOR COURT
By _____

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  ANNETTE M. FILENA, individually and as    Case No. 07347289
    successor in interest for decedent, Debra
12  Kincaid,
                                              **COMPLAINT FOR DAMAGES AND**
13                                            **INJUNCTIVE RELIEF**

14        Plaintiff,

15  v.                                        1) Wrongful Death, Cal. Civ. Proc. §377.60

16  ALAMEDA COUNTY MEDICAL CENTER–            2) Dependant-Adult Abuse, Cal. Wel. & Inst.
    JOHN GEORGE PSYCHAITRIC                   Code §15600 et seq.;
17  PAVILLION and DOES 1-100, inclusive.
                                              3) Violation of Patient's Rights, Cal. Health &
18                                            Safety Code §1430(b);

19        Defendants.                         4) Negligence, Govt. Code §815.2; Breach of
                                              Mandatory Duty Cal. Gov't. Code § 815.6
20
                                              5) Negligence Per Se;
21
                                              6) Failure to provide care, 42 U.S.C. §1983; and
22
                                              7) Loss of familial relations, 42 U.S.C. §1983
23
                                              **JURY TRIAL DEMANDED**
24

25

26

27

28

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
San Francisco, CA 94109

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff ANNETTE M. FILENA, individually and as successor in interest to the decedent,

2  Debra Kincaid, complains against defendants and each of them and alleges causes of action as

3  follows:

## PARTIES

5    1.    Plaintiff ANNETTE FILENA is and was at all times relevant hereto a citizen of

6  the United States. She is the mother, heir through intestate succession and successor in interest of

7  the decedent, Debra Kincaid.

8    2.    The decedent, Debra Kincaid, was born on 12/7/58, and suffered from mental

9  illness including schizoaffective disorder.

10   3.    Defendant ALAMEDA COUNTY MEDICAL CENTER– JOHN GEORGE

11  PSYCHAITRIC PAVILLION (hereinafter "ACMC") is and was at all times relevant hereto a

12  municipal hospital with a psychiatric department located in the John George Psychiatric Pavilion

13  in San Leandro, California. The public hospital is organized and operating under the laws of the

14  State of California. It is and was at all time relevant hereto a locked skilled-nursing facility. It is

15  also licensed and regulated by the State of California Department of Health Services. During all

16  relevant times, the ACMC and Does 1-100 provided medical care and treatment to the decedent,

17  Debra Kincaid, a gravely disabled adult, while she was in this locked facility.

18   4.    The true names and capacities, whether individual, corporate, associate or

19  otherwise, of defendants Does 1 through 100 inclusive, are unknown to the plaintiff, who

20  therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and

21  thereon alleges that each of the defendants designated herein as a defendant was responsible in

22  some manner for the events and happenings referred to herein. Plaintiff will amend the complaint

23  when the true identities of the unknown defendants become known.

24   5.    At all times herein mentioned each of the defendants was the agent, servant or

25  employee of each of the remaining defendants and was at all times acting under color of state law

26  and within the course and scope of said agency and employment. ·

27   6.    Each individual defendant to be named in the future, if any, may be indemnified

28  by the employer, the ACMC, under Cal. Gov't. Code § 825 *et. seq.*

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    7.    Plaintiff has exhausted the requisite administrative remedies and has complied

2  with the requirements of California Government Code § 910 *et seq.* Plaintiff filed a tort claim

3  against the Alameda County Medical Center on 2/6/07, which the ACMC rejected on 3/23/07.

### FACTS RELEVANT TO ALL CAUSES OF ACTION

6    8.    On 11/30/06, Debra Kincaid (hereafter referred to as "Debra") was admitted to the

7  ACMC after being involuntarily detained under Cal. Wel. & Inst. Code Section 5150.

8    9.    Plaintiff is informed and believes and thereon alleges that shortly after the 72-hour

9  period for the Cal. Wel. & Inst. Code § 5150 passed on or about 12/3/06, Debra sought release on

10  multiple occasions from the ACMC. In response to her requests, ACMC agents including Alfeo

11  Raminejes, M.D. refused to release Debra from their locked facility, but instead requested that

12  Debra be involuntarily conserved on 12/6/06. The family was not notified of this proceeding.

13  Marie Alfonso was appointed as her conservator on 12/14/06.

14    10.    In the ACMC's Intake Evaluation Form dated 11/30/06, Debra is described as alert

15  and oriented. She was moving around the room, singing a song about beer, and at one point

16  voluntarily dropped to the ground to demonstrate her strength by completing 9 push-ups.

17    11.    Upon admission and throughout her stay at ACMC, Debra and her mother advised

18  the ACMC agents that she suffered from sleep apnea and required a CPAP machine while she

19  slept. ACMC agents allowed Debra to use her CPAP machine during her previous hospitalization

20  on 9/23/06. But for this hospitalization, ACMC agents refused to permit her to use the CPAP

21  machine. Debra also advised ACMC staff that she was diabetic, which was also noted in her

22  medical records.

23    12.    Plaintiff alleges on information and belief that ACMC staff failed to treat Debra's

24  sleep apnea and diabetes during her stay from 11/30/06 through her death on 12/30/06.

25    13.    From 12/13/06 through 12/27/06, the ACMC records, including but not limited to

26  its Daily Psychiatric Progress Notes, Progress Records, ACMC Occupational/Activity Therapy

27  Participation Logs and medical notes state that Debra complained about feeling overmedicated,

28  experiencing episodes of dizziness, feeling drowsy and having a dry cough. The staff further

- 2 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

1   noted that Debra appeared progressively more withdrawn, poorly kempt, mildly tremulous and

2   unsteady on her feet. During this period, the ACMC records demonstrate that Debra's

3   communication, socialization, and motor skills significantly declined.

4       14.    On 12/28/06, the ACMC records state that Debra was observed with tremors, off

5   balance with an unsteady gait, and required assistance to ambulate to the bathroom. She was

6   observed slumped over her bed, or sitting up in bed, hunched over. The patient was reported to be

7   falling asleep in her breakfast. Further, she had garbled speech and was difficult to understand.

8   She was asked to but could not write her own name. The charge registered nurse notified Debra's

9   treating psychiatrist, Alonzo Johnson, M.D., that she was over medicated and so weak that she

10  could not stand or feed herself. He responded by instructing the staff to discontinue assisting

11  Debra with activities such as feeding.

12      15.    Plaintiff alleges on information and belief that Debra continually requested that

13  she be seen by a different doctor than Alonzo Johnson, M.D. Debra's request was finally granted

14  on 12/29/06 when she was evaluated by a doctor specializing in internal medicine, Ray Yeh,

15  M.D., who noted that her sedation was probably secondary to medications and ordered that the

16  ACMC discontinue Ativan and Benadryl.

17      16.    On 12/29/06, despite the recommendations from Dr. Yeh, the treating psychiatrist

18  Dr. Johnson wrote that Debra was "demonstrating more dependent behavior" and "flu-like

19  symptoms" and wrote an order for Ativan as a PRN, Benadryl, Lithium, Haldol, Cognetin, and

20  cold medication including nasal spray.

21      17.    Plaintiff alleges on information and belief that on 12/29/06, Debra presented her

22  request for release at a hearing before ACMC managing agents, which they denied.

23      18.    Thereafter, the ACMC agents administered cold medications, and, two more doses

24  of Ativan on 12/30/06 at 00:10 and 06:00 a.m.

25      19.    During the month of December, nurses, occupational therapists, family members,

26  the patient herself and patients' rights advocates reported to the Multidisciplinary Team in charge

27  of Debra's care that they observed adverse effects of psychoactive medications and drug-drug

28

- 3 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

1    interactions by conveying concerns about the patient's slurred speech, difficulty walking,

2    drowsiness, abnormal vital signs, high blood sugar, tremors and lack of coordinated movements.

3        20.    During the month of December 2006, plaintiff frequently communicated with staff

4    at ACMC, including but not limited to Ellen Woods, a social worker at ACMC, to express her

5    concerns that Debra's health was deteriorating significantly. On 12/29/06, plaintiff implored Ms.

6    Woods to do something about Debra's deteriorating physical condition. During this conversation,

7    plaintiff expressed that she was afraid that Debra was going to die at ACMC. Ms. Woods assured

8    her that her daughter was "fine."

9        21.    On 12/30/06, at 7:30 a.m., Debra was found unresponsive on the floor next to her

10   bed in her room in Unit B of the ACMC John George Psychiatric Pavilion. Debra was transferred

11   to an acute care emergency facility at Eden Medical Center and was pronounced dead shortly

12   after arrival.

13       22.    Plaintiff alleges on information and belief that Debra's death was caused by the

14   combined effects of psychiatric medication, cold medication, untreated diabetes mellitus and

15   untreated sleep apnea while she was forced to remain in the custody and control of a locked

16   facility, ACMC.

17       23.    Defendants knew or should have known from the facts available to them that

18   failing to (1) plan for or implement patient care that addressed Debra Kincaid's diabetes and sleep

19   apnea; (2) evaluate and monitor this patient's risk for adverse effects of psychoactive medications

20   and drug-drug interactions; or (3) ensure that necessary equipment including but not limited to a

21   CPAP machine and an electrocardiogram machine be available to prevent harm would cause

22   Debra Kincaid serious harm or death.

23       24.    The ACMC maintained and implemented a custom and practice of being

24   indifferent to the serious medical needs of patients confined to their locked psychiatric facilities.

25   The defendants knew or should have known that as a result of said deliberate indifference

26   vulnerable psychiatric patients in their custody and control, such as Debra Kincaid, would suffer

27   serious injuries or death. The ACMC failed to provide adequate training and equipment to its

28   staff and it was foreseeable that patients confined to their locked psychiatric facilities would

- 4 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

0570683.tif - 10/25/2007 1:40:05 PM

1   suffer serious injuries or death as a result. In addition, the ACMC authorized, encouraged and

2   ratified the acts and omissions alleged herein.

3       25.      As a result of the acts and omissions alleged herein, Debra Kincaid died.

4

5                                   **DAMAGES**

6       26.      The decedent suffered general damages including pain and suffering due to the

7   defendants' acts and omissions that ultimately led to her medically slowed and tortured death, in

8   an amount to be determined according to proof.

9       27.      Plaintiff incurred burial and funeral expenses in an amount to be determined

10  according to proof.

11      28.      Plaintiff has suffered and will continue to suffer loss of society, comfort, affection,

12  and familial relations in an amount to be determined according to proof.

13      29.      The acts and/or omissions of the individual defendants, either those to-be named or

14  identified as Does, and each of them, were willful, wanton, reckless, malicious, and oppressive.

15  Accordingly, plaintiff is entitled to seek punitive and exemplary damages against each of them.

16      30.      The plaintiff was required to retain counsel and is entitled to costs and attorneys'

17  fees should she prevail in this action.

18

19                              **FIRST CAUSE OF ACTION**
                                 [Wrongful Death - C.C.P. §377.60]
20

21      31.      The plaintiff hereby re-alleges and incorporates by reference as though fully set

22  forth herein all prior paragraphs of this Complaint.

23      32.      Defendants and each of them, negligently, recklessly and/or willfully failed to

24  comply with the applicable provisions of California and federal laws and regulations as set forth

25  below in the second, third and fourth causes of action, and which include the following:

26      a.       Provide skilled-nursing care and physician and psychiatric services;

27      b.       Follow, implement, and adhere to all medical orders;

28

                                        - 5 -

                        COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

c.    Provide Debra with all necessary equipment to ensure her health and safety, including but not limited to a CPAP machine and the use of an electrocardiogram;

d.    Provide Debra with prescription diabetic medication and monitor blood glucose levels and blood levels as required when prescribing and administering psychotropic drugs;

e.    Monitor, accurately record, report and adjust Debra's condition and responses to psychotropic and drug-drug interactions;

f.    Report meaningful changes in Debra's health and well-being to the attending physicians and psychiatrists;

g.    Establish and implement a patient-care plan for Debra based upon and including without limitation an on-going process of identifying her needs;

h.    Follow proper nursing, physician and psychiatric care standards to maximize the health, safety, and well-being of Debra;

i.    Note and properly react to emergency conditions and timely transfer Debra to an acute care facility or otherwise act when conditions so indicate; and

j.    Provide appropriate screening, hiring requirements, training and supervision to all ACMC agents entrusted with Debra's care.

k.    Comply with California Welfare & Institutions Code to ensure that the family was informed so that they could participate in Debra's care, including but not limited to the right to: be informed about her care (Cal. Wel. & Inst. Code § 5238.1); participate in treatment and rehabilitation decision (*Id* at §§ 5600.2(a)(2), 5600.4(c)); be advised of certification hearings, judicial review, conservatorship hearings, and other due process proceedings (*Id* . at §§ 5256.4(c), 5276, 5350.2); appointed conservator or nominate conservator based on preferences for family members (Cal. Prob. Code §§ 1810 – 1813, *et seq.*).

33.    Debra Kincaid died as the result of the Defendants' acts and omissions as alleged herein.

34.    The ACMC is liable for the acts and omissions of their agents and employees under the doctrine of *respondeat superior.*

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

- 6 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

## SECOND CAUSE OF ACTION
[Cal. Wel. & Inst. Code §§ 15600 *et seq.* – Dependant-Adult Abuse]

35.    The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint, including but not limited to paragraph 32.

36.    Pursuant to the provisions of California Welfare and Institutions Code §15610.23, decedent Debra Kincaid was at all times relevant hereto a dependent adult.

37.    Pursuant to the provisions of California Welfare and Institutions Code §15610.17, ACMC and Does 1-100 were at all times care custodians for or in a trusting relationship with decedent, Debra Kincaid.

38.    ACMC and Does 1-100 engaged in physical abuse against Debra Kincaid by giving her psychotropic drugs for improper purposes under Cal. Wel. & Inst. Code §15610.63(f).

39.    ACMC and Does 1-100 engaged in neglect against Debra Kincaid by failing to provide for her physical and mental-health needs under Cal. Wel. & Inst. Code §15610.57.

40.    In doing the acts and omissions complained of herein, ACMC and Does 1-100 failed to use the degree of care that a reasonable person in the same situation would have used to protect Debra Kincaid from health and safety hazards and provide for her physical and mental-health needs by failing to:

    a.    implement a care plan which addressed the decedent's diabetes and sleep apnea;

    b.    ensure that the drugs that were prescribed and administered by the defendants would not cause serious harm to the decedent;

    c.    provide decedent with adequate care or equipment including but not limited to a CPAP machine and an electrocardiogram; and,

    d.    comply with the state and federal requirements listed in the third cause of action below and incorporated herein by reference.

- 7 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

41.    Defendants' acts and omissions alleged herein constituted neglect and physical abuse, which caused the decedent pain and suffering prior to her death. Further, they caused her death.

42.    Defendants' acts and failure to act were willful and done with recklessness, malice, oppression and or fraud, and with deliberate disregard of the likelihood that the decedent would suffer harm or death.

43.    Defendants' and their agents' conduct was authorized by the defendants' trustees, officers, directors, managing agents or treating psychiatrists or physicians. Alternatively, this conduct was ratified by a defendants' trustee, officer, director, managing agent, or treating psychiatrist or physician who knew of the agents' wrongful conduct and adopted or approved the conduct after it occurred. Plaintiff incorporates by reference paragraph 17 here.

44.    The ACMC is liable for the acts and omissions of their agents and employees under the doctrine of *respondeat superior*.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
[Health & Safety Code § 1430(b) – Patients' Bill of Rights Violations]

45.    The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint, including but not limited to paragraph 32, and those paragraphs citing further violations of Debra's rights in the first, second, and fourth causes of action.

46.    Pursuant to the provisions of California Health & Safety Code §1430(b), decedent Debra Kincaid was at all times relevant hereto a patient in the defendants' care with protections under the Patients' Bill of Rights under Title 22 of the California Code of Regulations and all other state and federal laws and regulations.

47.    The plaintiff alleges on information and belief that despite their awareness of the risks to Debra's health and well-being, defendants repeatedly and flagrantly violated several Title 22 sections in the California Code of Regulations, Div. 5 Ch. 1, including but not limited to:

- 8 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

a. failed to plan and implement patient care for Debra Kincaid's diabetes and sleep apnea under (1) 3-70215(c);

b. ACMC's psychiatrists or clinical psychologists' failed to be responsible for the diagnostic formulation for their patients and the development and implementation of each patient's treatment plan under (2) 6-70577(d)(1);

c. failed to identify or recommend to the administration the equipment and supplies necessary for emergency medical problems under (3) 6-70577(d)(4)(A);

d. subjected Debra to physical abuse through the misuse of medications under 72315(b);

e. failed to develop and/or implement a plan of care specifying the data to be collected for use in evaluating the effectiveness of the drugs and the occurrence of adverse reactions under 72319(j)(2);

f. violated Debra's right to be free from mental and/or physical abuse under section 72527(a)(9);

g. violated Debra's right to be free from the use of psychotherapeutic drugs for the purpose of patient discipline and/or for staff convenience under section 72527(a)(23)); and,

h. violated Debra's right to be free from the use of chemical restraints other than during an emergency under section 72527(a)(23).

48.     In addition, and also despite their awareness of the risks to Debra's health and well-being, defendants repeatedly and flagrantly violated several provisions of Title 42 of the Federal Code of Regulations, including the following:

a. violated Debra's right to be free from chemical restraints imposed for purposes of discipline or convenience (42 CFR § 483.13(a);

b. failed to review and revise said defendants' assessment of Debra's needs as her condition changed (42 CFR § 483.20(b)(5);

c. failed to develop a comprehensive care plan for meeting Debra's needs (42 CFR 483.20(d); and,

- 9 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



1          d.   failed to provide Debra with the necessary care and services required to attain or

2               maintain the highest practicable physical, mental and psychosocial well-being (42

3               CFR § 483.25).

4     49.   Under § 1430(b), defendants will be found strictly liable for these violations, a

5   statutory penalty will attach.

6     50.   Further, under this section, plaintiff is entitled to her attorney fees and costs.

7          WHEREFORE, plaintiff prays for relief as hereinafter set forth.

8

9                              **FOURTH CAUSE OF ACTION**
                 [Negligence/Breach of Mandatory Duties – Cal. Govt. Code §§ 815.2, 815.6]

10

11    51.   The plaintiff hereby re-alleges and incorporates by reference as though fully set

12   forth herein all prior paragraphs of this Complaint, including but not limited to paragraph 32 and

13   those in the second and third causes of action.

14    52.   Defendants owed mandatory duties to the decedent, a dependent adult placed in

15   the County's custody at ACMC.

16    53.   Defendants were negligent and breached their mandatory duties to provide

17   appropriate and adequate medical care and treatment to the decedent while in their custody and

18   care, including but not limited to the above-cited state and federal laws and regulations, and the

19   following statutory duties:

20         a.   Govt. Code § 855.4 to use due care in the provision of medical services;

21         b.   Govt. Code § 855(a) to provide adequate or sufficient medical equipment,

22              personnel or facilities;

23         c.   Govt. Code §855.8 to use due care in administering treatment prescribed for

24              mental illness;

25         d.   Govt. Code § 856 to use due care in carrying out the conditions of confinement for

26              mental illness; and

27         e.   Wel. & Inst. Code §§ 15600 *et seq.* to provide medical care for the physical and

28              mental health needs of a dependent adult.

                                          - 10 -
                          COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

54.    As a result of defendants' breach of their mandatory duties, plaintiff and decedent suffered the injury and harm alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### [NEGLIGENCE *PER SE*]

55.    The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint, in particular the state and federal laws and regulations cited in plaintiff's first, second, third and fourth causes of action.

56.    The plaintiff alleges that the defendants violated numerous state and federal laws and regulations, cited above, all of which were written and intended to apply to this decedent for her survival claims and to this plaintiff for her wrongful death claims.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [42 USC § 1983 – FAILURE TO PROVIDE MEDICAL CARE]

57.    The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

58.    Plaintiff is informed and believes and alleges that the lack of care provided to Debra Kincaid was consistent with the ACMC's customs, practices, policies, and training.

59.    The defendants, and each of them, acted under color of state law and deprived the decedent of necessary care for a serious medical condition in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

///
///
///
///

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 11 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

## SEVENTH CAUSE OF ACTION
### [42 USC § 1983 – FAMILIAL ASSOCIATION]

60.     The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

61.     Plaintiff is informed and believes and alleges that the lack of care provided to Debra Kincaid was consistent with the ACMC's customs, practices, policies, and training.

62.     The defendants, and each of them, deprived plaintiff of her familial relation with her daughter, decedent Debra Kincaid, in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

///

- 12 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1050633.tif - 10/25/2007 1:40:05 PM

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, as follows:

1.  For compensatory and economic damages according to proof;

2.  For general damages according to proof;

3.  For punitive damages against the individual defendants according to proof;

4.  For an award of attorneys' fees and costs;

5.  For statutory fees and penalties, including but not limited to a monetary award for each violation under Cal. Health & Safety Code § 1430(b) and treble damages under Cal. Civ. Code § 3345.

6.  For an order directing the ACMC and its agents and employees to do the following:

   a.  Prepare patient-care plans (1) after obtaining information from the patients and their families, and their previous medical records; (2) considering how to address sleep apnea and diabetes conditions; (3) where the Multidisciplinary Treatment Team monitors, reports, and reviews the plan upon any noted changes in the patients' physical or mental health.

   b.  Provide training to staff regarding (1) comprehensive intake process to ensure that patients' medical histories and conditions are properly noted and considered in the patient's treatment plan; (2) medication management for psychiatric patients to identify and report symptoms for patients exhibiting over medication.

   c.  Provide patients and staff with necessary equipment, including but not limited to CPAP machines and electrocardiograms.

   d.  Ensure that psychiatrists, hospitalists/internists, and pharmacists are consulting about drug-drug interactions and how to manage psychiatric patients and their drug levels, and, that these issues are being communicated to staff who monitor the patients.

///

- 13 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

7.      For an order appointing an independent monitor at the expense of ACMC to ensure

compliance with Title 22 and federal regulations for a time to be determined by the Court.

8.      For prejudgment interest; and

9.      For other and further relief as the Court may deem just, necessary and appropriate.

Dated: September 20, 2007                              SCOTT LAW FIRM

By _____
                                                      Lizabeth N. de Vries
                                                      Attorney for plaintiff


**REQUEST FOR JURY TRIAL**

The plaintiff respectfully requests a jury for those claims that a jury may determine.

Dated: September 20, 2007                              SCOTT LAW FIRM

By _____
                                                      Lizabeth N. de Vries
                                                      Attorney for plaintiff

- 14 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
John H. Scott, SBN: 72578
Lizabeth N. de Vries, SBN:227215
SCOTT LAW FIRM
1375 Sutter Street, Suite 222
San Francisco, CA 94109
TELEPHONE NO.: (415) 561-9600    FAX NO.: (415) 561-9609
ATTORNEY FOR *(Name)*: Plaintiff

**FILED**
ALAMEDA COUNTY

SEP 2 0 2007

CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Annette Pilena v. Alameda County Medical Center, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG07347289 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: Seven
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: September 20, 2007
John H. Scott, SBN: 72578
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

1  John Houston Scott    (SBN 72578)
   Lizabeth N. de Vries   (SBN 227215)
2  SCOTT LAW FIRM
   1375 Sutter Street, Suite 222
3  San Francisco, CA 94109
   Tel: (415) 561-9600
4  Fax: (415) 561-9609

5  Attorneys for Plaintiff,
   Annette M. Filena

**FILED**
ALAMEDA COUNTY

SEP 2 0 2007

CLERK OF THE SUPERIOR COURT
By _____

6

7

8                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11  ANNETTE M. FILENA, individually and as       Case No.: RG 07347289
    successor in interest for decedent, Debra
12  Kincaid,
                                                 DECLARATION BY ANNETTE M.
13         Plaintiff,                            FILENA, SUCCESSOR IN INTEREST TO
                                                 THE ESTATE OF HER DECEASED
14  v.                                           DAUGHTER, DEBRA ANN MARIE
                                                 KINCAID
15  ALAMEDA COUNTY MEDICAL CENTER-
    JOHN GEORGE PSYCHAITRIC               [Cal. Civ. Proc. Code § 377.32]
16  PAVILLION and DOES 1-100, inclusive.

17         Defendants.

18

19

20         I, Annette M. Filena, declare as follows:

21         1.      Decedent Debra Kincaid was my daughter at the time of her death in Castro

22  Valley, California, on December 30, 2006. A true and correct certified copy of her death

23  certificate is attached as Exhibit A.

24         2.      No proceeding is now pending in California for the administration of the

25  decedent's estate.

26         3.      I am the decedent's successor in interest, succeed to the decedent's interest in this

27  action, and am authorized to act on behalf of the decedent because my daughter died without a

28
                                          - 1 -
                   DECLARATION BY ANNETTE M. FILENA, SUCCESSOR IN INTEREST

1  will and without any issue so that I am a beneficiary of her estate under California Code of Civil

2  Procedure §§ 377.10(b).

3      4.   No other person has a superior right to bring this action or to be substituted for the

4  decedent in the pending action.

5      5.   I declare under the penalty of perjury under the laws of the state of California that

6  the foregoing is true and correct.

7      Executed at _*Fremont*_____, California, on this _20_ day of September,

8  2007.

9

10

11                                         By: _*Annette M. Filena*_____
                                               Annette M. Filena
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           2
                    DECLARATION BY ANNETTE M. FILENA, SUCCESSOR IN INTEREST



**EXHIBIT A**

10/25/2007 13:40 FAX 9259309035 GALLOWAY LUCCHESE ☑024/025



CERTIFICATION OF VITAL RECORD

**ALAMEDA COUNTY HEALTH CARE SERVICES AGENCY**
PUBLIC HEALTH DEPARTMENT

CERTIFICATE OF DEATH 3200601008595

Debra — Ann Marie — KINCAID

12/07/1958 — 48

CA — 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 — Never Married — 12/02/2006 — 0830

ASSOCIATE — White

Poet — Self Employed — 30

35687 Cabrillo Drive

Fremont — Alameda — 94536 — CA

Annette M. Pirrs-Mother — 35687 Cabrillo Drive, Fremont, CA 94536

Richard — Patrick — Kincaid

Annette — Marie — Bos

01/08/2007 — Holy Sepulchre Cemetery, 26320 Mission Blvd., Hayward, CA 94544

BURIAL — 8495

Fremont Chapel of the Roses — FD1097 — 01/03/2007

Eden Medical Center

Alameda — 20103 Lake Chabot Road — Castro Valley

Cause under investigation

STATE OF CALIFORNIA
COUNTY OF ALAMEDA } ss.

01/02/2007 — R. Belshien #13, Deputy Coroner

*1000594488*

CERTIFIED COPY OF VITAL RECORDS

This is a true and exact reproduction of the document officially registered and filed with the Alameda County Health Care Services Agency

DATE ISSUED: 08/21/2007

HEALTH OFFICER AND LOCAL REGISTRAR
ALAMEDA COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying date and signature of Registrar.

1 of 2

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

## ALAMEDA COUNTY HEALTH CARE SERVICES AGENCY
### PUBLIC HEALTH DEPARTMENT

303 2006 145681

3200501004506

TYPE OR PRINT IN BLACK INK ONLY

| 1. Deceased – Name (First) | 1. Middle Ann Marie | 3. Last (Name) KINCAID | 4. Sex F |
|---|---|---|---|
| Debra | | | |

5. Date of Birth – 04/06/1977
12/30/2006
6. City of Death Castro Valley
7. County of Occurrence Alameda

Cause under investigation

Minve

Cardiac arrest
Undetermined causes

Minutes
Minutes

2 of 2

F. Gonku #10, Deputy Coroner

480 4th Street

Oakland    CA    94607

08/10/2007

*000594492*

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA
COUNTY OF ALAMEDA } SS

This is a true and exact reproduction of the document officially registered
and filed with the Alameda County Health Care Services Agency.

DATE ISSUED: ____ 0 8 / 2 1 / 2007

HEALTH OFFICER AND LOCAL REGISTRAR
ALAMEDA COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying date and signature of Registrar.