MARTIN J. EVERSON, ESQ. (State Bar No. 76350)
AARON T. SCHULTZ, ESQ. (State Bar No. 222949)
GALLOWAY, LUCCHESE, EVERSON & PICCHI
A Professional Corporation
1676 North California Blvd., Suite 500
Walnut Creek, CA  94596-4183
Tel. No. (925) 930-9090
Fax No. (925) 930-9035
E-mail: aschultz@glattys.com

Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER - JOHN GEORGE PSYCHIATRIC PAVILLION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANNETTE M. FILENA, individually and as successor in interest for decedent, Debra Kincaid,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER - JOHN GEORGE PSYCHIATRIC PAVILLION and DOES 1-100, inclusive,<br><br>          Defendants. | Case No.   C 07-05462 SBA<br><br>Hon. Saundra B. Armstrong<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. RULE CIV. P. RULE 12(B)(6); MOTION TO STRIKE (FED.RULE CIV. P. RULE 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently With:<br>  1. Proof of Service<br>  2. [Proposed] Order.]<br><br>**Date:**       January 15, 2008<br>**Time:**       1:00 p.m.<br>**Courtroom:** 3, 3rd Floor |

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

**C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF E ANNETTE M. FILENA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 15, 2008 or as soon thereafter as counsel may be heard, in Courtroom 3, before the Honorable Saundra B. Armstrong of this Court, defendant ALAMEDA COUNTY MEDICAL CENTER - JOHN GEORGE PSYCHIATRIC PAVILLION ("ACMC-JG") will and hereby does, move this court under Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure to dismiss the Third and Seventh Causes of Action, and to strike the request for punitive and treble damages and injunctive relief contained in the Complaint (filed in Alameda County Superior Court on September 26, 2007, but removed to the above entitled Court on October 26, 2007).

Defendant ACMC-JG moves to dismiss the Third and Seventh causes of action on the grounds that they fail to state a claim upon which relief may be granted.  Defendant ACMC-JG moves to strike the claim for punitive and treble damages on the grounds that this category of damages is not available against a public entity.  Defendant moves to strike plaintiff's prayer for injunctive relief on the grounds that plaintiff has failed to allege facts demonstrating that she is entitled to the relief sought.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, records and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of this motion.

//
//
//
//
//
//
//
//
//

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

1

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES

**A.  MOTION TO DISMISS**

    **1.** Whether plaintiff is permitted to bring a cause of action against ACMC-JG pursuant to California Health and Safety Code § 1430(b).

    **2.** Whether plaintiff had a constitutionally protected interest in the continued companionship and society of her adult daughter.

**B.  MOTION TO STRIKE**

    **1.** Whether punitive damages are available against defendant.

    **2.** Whether treble damages sought pursuant to California Health and Safety Code § 1430(b) are punitive.

    **3.** Whether the allegations in plaintiff's complaint are sufficient to justify her claim for injunctive relief.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The complaint includes seven causes of action for Wrongful Death, Dependent Adult Abuse (California Welfare & Institutions Code § 15600 et seq.), Violation of Patient's Bill of Rights (California Health & Safety Code § 1430(b), Negligence, Breach of Mandatory Duty, Negligence *Per* Se, Failure to Provide Care (42 U.S.C. 1983), and Loss of Familial Relations (42 U.S.C. 1983).  Defendant ACMC-JG is the only named defendant.  The complaint was originally filed in Alameda County Superior Court on September 26, 2007.  Defendant ACMC-JG then removed the action to this court on October 25, 2007 on the basis of Federal Question jurisdiction as a result of plaintiff's two claims brought under 42 U.S.C. 1983.

In the complaint, plaintiff alleges that on November 30, 2006, plaintiff's daughter, Debra Kincaid, was admitted to ACMC after being involuntarily detained pursuant to California Welfare & Institutions Code Section 5150.  Ms. Kincaid stayed at ACMC through to December 30, 2006, when she was found unresponsive in her room.  She was then transferred to the emergency department at Eden Medical Center and was pronounced dead shortly after arrival.

//

//

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

2

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

Plaintiff alleges that Ms. Kincaid's death was caused by the combined effects of psychiatric medication, cold medication, untreated diabetes and untreated sleep apnea. Plaintiff claims that staff at ACMC in their treatment of Ms. Kincaid failed to adhere to or violated specific statutes. She is seeking general and compensatory damages, as well as statutory fee and penalties and punitive damages, and is seeking specific injunctive relief related to the operations, staffing, and monitoring of ACMC-JG.

### III. MOTION TO DISMISS PLAINTIFF'S THIRD AND SEVENTH CAUSES OF ACTION

**A. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION AGAINST ACMC-JG**

Plaintiff's Third Cause of Action is brought pursuant to California Health & Safety Code § 1430(b), The Patient's Bill of Rights, and seeks the statutory penalties permitted under California Health & Safety Code § 1430(b) for alleged violations by defendant of regulations set forth in various California and Federal regulations. See Paragraphs 47 and 48 of Plaintiff's Complaint.

California Health & Safety Code § 1430(b) is included as part of the "Long-Term Care, Health, Safety, and Security Act of 1973;" which provides:

> A current or former resident or patient of a skilled nursing facility, as defined in subdivision (c) of Section 1250, or intermediate care facility, as defined in subdivision (d) of Section 1250, may bring a civil action against the licensee of a facility who violates any rights of the resident or patient as set forth in the Patient's Bill of Rights in Section 72527 of Title 22 of the California Code of Regulations, or any other right provided for by federal or state law or regulation. The suit shall be brought in a court of competent jurisdiction. The licensee shall be liable for the acts of the licensee's employees. The licensee shall be liable for up to five hundred dollars ($500), and for costs and attorney fees, and may be enjoined from permitting the violation to continue. An agreement by a resident or patient of a skilled nursing facility or intermediate care facility to waive his or her rights to sue pursuant to this subdivision shall be void as contrary to public policy.

As set forth in Section 1430(b), the remedies available are limited to residents of skilled nursing facilities or intermediate care facilities, defined by Sections 1250(c) and (d). Sections 1250(c) and (d) provide:

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

> (c) "Skilled nursing facility" means a health facility that provides skilled nursing care and supportive care to patients whose primary need is for availability of skilled nursing care on an extended basis.
>
> (d) "Intermediate care facility" means a health facility that provides inpatient care to ambulatory or nonambulatory patients who have recurring need for skilled nursing supervision and need supportive care, but who do not require availability of continuous skilled nursing care.

In contrast to these definitions, Section 1250(b) states that an:

> "Acute psychiatric hospital" means a health facility having a duly constituted governing body with overall administrative and professional responsibility and an organized medical staff that provides 24-hour inpatient care for mentally disordered, incompetent, or other patients referred to in Division 5 (commencing with Section 5000) or Division 6 (commencing with Section 6000) of the Welfare and Institutions Code, including the following basic services: medical, nursing, rehabilitative, pharmacy, and dietary services.

Given the definitions set forth in Section 1250 it is clear, given the allegations in the complaint, that ACMC-JG is not a "skilled nursing facility" or an "intermediate care facility". Instead, ACMC-JG is an "acute psychiatric hospital" within the meaning of Section 1250(b). This reality is born out by the fact that, as is alleged in the complaint, the decedent, Ms. Kincaid, was brought to ACMC-JG pursuant to a California Welfare & Institutions Code § 5150 hold. As set forth in § 1250(b), acute psychiatric hospitals are those care facilities that provide care to patients referred to in California Welfare & Institutions Code § 5000 et seq.

Despite the language used in plaintiff's complaint to categorize ACMC-JG as a skilled nursing facility, it is clear by the facts plead and the definitions contained in § 1250, that ACMC-JG is not a nursing home. It is a secured acute psychiatric hospital. As such, the remedies plaintiff seeks pursuant to California Health & Safety Code § 1430(b) are not available to plaintiff in her claim against ACMC-JG and therefore plaintiff's Third Cause of Action must be dismissed.

//
//
//

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

4

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

B.   **PLAINTIFF FAILS TO ALLEGE VIOLATION OF A RECOGNIZED CONSTITUTIONAL RIGHT IN SUPPORT OF HER SEVENTH CAUSE OF ACTION.**

In order to support a claim under 42 U.S.C. 1983 for violation of a party's Fourteenth Amendment rights, plaintiff must allege a violation of a right protected by the Fourteenth Amendment. *Parratt v. Taylor* 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff's Seventh Cause of Action alleges that defendant deprived plaintiff of her familial relation with her daughter in violation of the Fourteenth Amendment. While the courts have recognized a constitutionally protected liberty interest that parents have in the companionship and society of their children, no court has recognized that this interest extends to adult children.

In *Kelson v. City of Springfield,* 767 F.2d 651, 653-654 (1985), the court recognized that parents possess a constitutionally protected interest in the companionship and society of their children that was cognizable under Section 1983, noting that "a parent's desire for and right to 'the companionship, care, custody, and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'...." *Id.* (footnote omitted) (citations omitted).

Likewise, in *Santosky v. Kramer,* 455 U.S. 745 (1982), the court held that natural parents have a constitutionally protected liberty interest in the care, custody and management of their child which entitles them to due process at a state-initiated parental rights termination proceeding. *Id.* at 752-57. Several other federal appellate courts have also recognized this right in the context of a killing of a child by a state agent. *See e.g. Mattis v. Schnarr,* 502 F.2d 588, 593-95 (8th Cir.1976) (father whose son was shot and killed while attempting to escape arrest had a constitutionally protected liberty interest under the due process clause of Fourteenth Amendment which was cognizable under Section 1983)  While all of these cases stand for the position that the parents do have a constitutionally protected interest, in all of these cases the child at issue was a minor.

In one case decided in the Seventh Circuit, *Bell v. City of Milwaukee,* 746 F.2d 1205, 1242-45 (7th Cir.1984), the child was not a minor, but 23 years old and not living at home. In

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

5

**C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**    200-8155/ATS/341211.doc

*Bell,* the court ruled that the same constitutionally protected liberty interest applied. However, more recently, the Seventh Circuit reversed itself in the case of *Russ v. Watts* 414 F.3d 783, 788 (2005), stating:

> An analysis of the decisions of our sister circuits as well as a reexamination of our own rationale in Bell convinces us that Bell was wrongly decided. We do not make such a declaration lightly. Although we must give considerable weight to our prior decisions, we are not bound by them absolutely and may overturn Circuit precedent for compelling reasons. [citation omitted]. Other circuits' rejection of our position provides one such compelling reason.

As noted in several other cases, the parental right to shape and direct the life of the child is a fundamental liberty protected by the Constitution and forms the basis of the liberty interest. See Planned Parenthood of the *Blue Ridge v. Camblos*, 155 F.3d 352, 369 (4th Cir.1998). In Planned Parenthood, the Court discussed parents' fundamental liberty interest in the parent-child relationship in the context of Virginia's Parental Notice Act regarding notice to parents if a minor seeks an abortion. Relying on several United States Supreme Court cases, the Fourth Circuit reasoned that the parental right to shape and direct the life of one's child during the child's minority is grounded in the Constitution. See, e.g., *Hodgson v. Minnesota*, 497 U.S. 417, 484, 110 S.Ct. 2926, 111 L.Ed.2d 344 (1990).

As is evident in the cases defining the parental interest, the factors giving rise to this right are limited to minor children. In this case, decedent Debra Kincaid was 48 years old at the time of her death. (See Complaint, ¶ 2.) Defendant is unaware of any case that recognizes a cause of action by a parent for the loss of an adult child's familial relation. As noted in the case identified above, much of the basis for the right to familial relations with a child is the right to custody and in raising the child in the manner in which the parent sees fit. It is further recognized that a child is in the custody of the parent and therefore the parent would have the expectation that the child would stay with the parent and in fact the parent has a legal right to control the comings and goings of the child and its residence. These factors are not present is this case. In addition, plaintiff does not allege any facts that would suggest that defendant's acts were aimed toward interfering with plaintiff's familial relations. For all of these reasons,

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

6

**C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc

plaintiff has failed to allege a violation of a constitutionally protected interest in her Seventh Cause of Action, and it therefore fails to state a claim under 42 U.S.C. 1983.

### IV. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) empowers a court to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.1992); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983); *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

**A.     ALAMEDA COUNTY MEDICAL CENTER IS A PUBLIC ENTITY; THEREFORE, THE PUNITIVE AND TREBLE DAMAGE CLAIMS MUST BE STRICKEN.**

**1.**     <u>All claims for punitive damages must be stricken from the Complaint.</u>

Government Code § 818 prohibits imposition of punitive damages on public entities:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under <u>Section 3294 of the Civil Code</u> or other damages imposed primarily for the sake of example and by way of punishing the defendant.

As alleged in plaintiff's complaint, the ALAMEDA COUNTY MEDICAL CENTER – JOHN GEORGE PSYCHIATRIC PAVILION is a municipal hospital. (See Complaint, ¶ 3.) As a public entity, it cannot be held liable for punitive damages. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-260 (1981); *Inland Mediation Bd. v. City of Pomona* 158 F.Supp.2d 1120, 1159 (C.D.Cal.,2001); *State Personnel Board v. Fair Employment and Housing Comm'n*, 39 Cal.3d 422 (1985). Plaintiff has not named any individual defendants. Therefore, plaintiff's claim for punitive damages in the Complaint are without support and should be stricken.

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

7

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

    **2.** <u>Plaintiff's Complaint does not, as a matter of law, support a claim for Civil Code § 3345 damages.</u>

In Paragraph 5 of plaintiff's Prayer for Relief, she seeks treble damages in addition to fees and penalties for violations of California Health & Safety Code § 1430(b). Plaintiff bases this claim on California Civil Code § 3345, which provides in pertinent part as follows:

> (b) Whenever a trier of fact is authorized by statute to impose…*a fine…civil penalty…*other penalty…or other remedy…to punish or deter…Whenever the trier of fact makes an affirmative finding in regard to …the following factors…it may impose a *fine, civil penalty*…or other remedy in amount up to three times greater than the amount authorized by statute…[Emphasis added.]

Thus, according to the express language of the statute, § 3345 does not triple damages; it only permits a tripling of statutory fines, penalties or other punitive remedies to which the plaintiff is otherwise entitled.

As is evident from the language of § 3345, the additional damages permitted are intended to punish or deter said violations and are therefore clearly punitive in nature. Under Govt. Code § 818 and the cases cited above, no punitive damages can be imposed against the defendant, as a matter of law. Therefore, plaintiff's request for treble damages under California Civil Code § 3345, contained in Paragraph 5 of the Complaint's Prayer for Relief should be stricken.

In addition, Paragraph 5 of plaintiff's Complaint seeks damages pursuant to California Health & Safety Code § 1430(b). As set forth previously, defendant ACMC-JG is not a facility to which the penalties set forth in § 1430(b) apply. Therefore, Paragraph 5 should be stricken in its entirety.

**B. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE STRICKEN FROM THE COMPLAINT.**

An injunction is an equitable remedy. "[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982) (citations omitted); see also California Code of Civil Procedure § 526 and California Civil Code § 3422. In other words, irreparable injury is

8

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

**C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**   200-8155/ATS/341211.doc

established where there is the fact of damage, including by reason of a contractual violation. A plaintiff seeking an injunction based on alleged past wrongs must demonstrate that there is a real and immediate threat that they will be wronged again. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974).

Article III of the Constitution standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must demonstrate *real or immediate threat* of an irreparable injury." *Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1021 (9th Cir.2004) (quoting *Clark v. City of Lakewood,* 259 F.3d 996, 1007 (9th Cir.2001) (emphasis added). The United States Supreme Court has observed that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Lyons,* 461 U.S. at 103, 103 S.Ct. 1660, 75 L.Ed.2d 675; *see Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037 (9th Cir.2006) (former employee "would not stand to benefit from an injunction" and "lacked standing to sue for injunctive relief from which she would likely benefit.")

Plaintiff's Complaint does not allege any facts that would indicate that any injury she claims to have suffered as a result of the alleged wrongful acts of defendant are likely to reoccur. Plaintiff has sufficient legal remedies available to her to compensate her for her claimed injuries, and injunctive relief is not necessary or an appropriate manner of redress for plaintiff's injuries under the causes of action alleged.

## V. <u>CONCLUSION</u>

Based on the foregoing, defendant ACMC-JG respectfully asks that the Court dismiss the Third and Seventh Causes of Action of plaintiff's Complaint, and strike plaintiff's request for

//

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

9

**C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**    200-8155/ATS/341211.doc

1 punitive and treble damages contained in Paragraphs 3 and 5 of the Complaint's Prayer for
2 Relief and strike the request for injunctive relief in Paragraphs 6 and 7.

3 Dated:  November 1, 2007

GALLOWAY, LUCCHESE, EVERSON & PICCHI

By: */s/ Aaron T. Schultz*
    AARON T. SCHULTZ, ESQ.
Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER
- JOHN GEORGE PSYCHIATRIC
PAVILLION

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

10

**C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc

# PROOF OF SERVICE

I declare under penalty of perjury that:

I am a citizen of the United States and am employed in the County of Contra Costa. I am over the age of eighteen years and not a party to the within action. My business address is 1676 North California Boulevard, Suite 500, Walnut Creek, CA 94596-4183.

On the date set forth below, I caused the attached:

1. **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. RULE CIV. P. RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and**
2. **[PROPOSED] ORDER**

to be served on the parties to this action as follows:

**[ X ]  BY MAIL.**

I placed a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed to the parties as set forth on the attached service list. C.C.P. §§1013(a), 2015.5.

**[ _ ]  BY COURIER SERVICE.**

I retained CCX Couriers, Inc. of Walnut Creek, California, to personally serve a true copy thereof on the parties as set forth on the attached service list. C.C.P. §§1011, 2015.5.

**[ _ ]  BY UNITED PARCEL SERVICE.**

I retained **UNITED PARCEL SERVICE** to serve by overnight delivery a true copy thereof on the parties as set forth on the attached service list. C.C.P. §§1013(c), 2015.5.

**[ _ ]  BY FACSIMILE TRANSMISSION.**

I am readily familiar with this law firm's business practices for collection and processing of documents by way of facsimile. I telefaxed a true copy thereof at said facsimile number(s) as set forth on the attached service list. C.C.P. §§1013(e), 2015.5 and C.R.C. §2008.

**[ _ ]  BY PERSONAL SERVICE.**

I personally served a true copy thereof on the parties as set forth on the attached service list at . C.C.P. §§1101, 2015.5.

Executed on November 1, 2007 at Walnut Creek, California.

*/s/ Donna M. Anderson*
Donna M. Anderson

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

11

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

1 <u>FILENA V. ACMC</u>

2 USDC/NORTHERN DISTRICT COURT CASE NO. C 07-05462 SBA

3
**SERVICE LIST**
4

5

6 John Houston Scott, Esq.                Counsel for Plaintiff
Lizabeth N. De Vries, Esq.
The Scott Law Firm
7 1375 Sutter Street, Suite 222
San Francisco, CA  94109
8 Fax: (415) 561-9609

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

12

**C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE
TO STATE A CLAIM; MOTION TO STRIKE; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES ................................................................................................2

   A. MOTION TO DISMISS ........................................................................................2

      1. Whether plaintiff is permitted to bring a cause of action against ACMC-JG pursuant to California Health and Safety Code § 1430(b)..................................................................................................2

      2. Whether plaintiff had a constitutionally protected interest in the continued companionship and society of her adult daughter. ....................2

   B. MOTION TO STRIKE ..........................................................................................2

      1. Whether punitive damages are available against defendant. ....................2

      2. Whether treble damages sought pursuant to California Health and Safety Code  § 1430(b) are punitive. .........................................................2

      3. Whether the allegations in plaintiff's complaint are sufficient to justify her claim for injunctive relief. ...........................................................2

II. PROCEDURAL AND FACTUAL BACKGROUND............................................................2

III. MOTION TO DISMISS PLAINTIFF'S THIRD AND SEVENTH CAUSES OF ACTION .............................................................................................................................3

   A. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CAUSE OF ACTION AGAINST ACMC-JG .......................................................................3

   B. PLAINTIFF FAILS TO ALLEGE VIOLATION OF A RECOGNIZED CONSTITUTIONAL RIGHT IN SUPPORT OF HER SEVENTH CAUSE OF ACTION. ..........................................................................................................4

IV. MOTION TO STRIKE .......................................................................................................7

   A. ALAMEDA COUNTY MEDICAL CENTER IS A PUBLIC ENTITY; THEREFORE, THE PUNITIVE AND TREBLE DAMAGE CLAIMS MUST BE STRICKEN. ....................................................................................................7

      1. All claims for punitive damages must be stricken from the Complaint. ................................................................................................7

      2. Plaintiff's Complaint does not, as a matter of law, support a claim for Civil Code § 3345 damages. ..............................................................8

   B. B. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE STRICKEN FROM THE COMPLAINT. ................................................................8

V. CONCLUSION ................................................................................................................9

i

---

**C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

# TABLE OF AUTHORITIES

**Cases**

*Bell v. City of Milwaukee,* 746 F.2d 1205  (7th Cir.1984) ........................................................... 5, 6

*Blue Ridge v. Camblos*, 155 F.3d 352  (4th Cir.1998) ................................................................. 6

*City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) ...................................................................... 9

*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) ...................................................... 7

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335 (N.D.Cal.1991) ..................................... 7

*Daniels v. Williams*, 474 U.S. 327 (1986) ................................................................................... 5

*Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998 (9th Cir.2004) ................................ 9

*Hodgson v. Minnesota*, 497 U.S. 417, 110 S.Ct. 2926, 111 L.Ed.2d 344 (1990) .......................... 6

*Inland Mediation Bd. v. City of Pomona* 158 F.Supp.2d 1120 (C.D.Cal.,2001) ............................ 7

*Kelson v. City of Springfield,* 767 F.2d 651 (1985) ...................................................................... 5

*LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, (N.D.Cal.1992) ................................ 7

*Mattis v. Schnarr,* 502 F.2d 588 (8th Cir.1976) ........................................................................... 5

*O'Shea v. Littleton,* 414 U.S. 488 (1974) ..................................................................................... 9

*Parratt v. Taylor* 451 U.S. 527 (1981) ......................................................................................... 5

*Russ v. Watts*  414 F.3d 783 (2005) ............................................................................................ 6

*Santosky v. Kramer,* 455 U.S. 745 (1982) ................................................................................... 5

*State Personnel Board v. Fair Employment and Housing Comm'n*, 39 Cal.3d 422 (1985) ........... 7

*Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033 (9th Cir.2006) .............................. 9

*Weinberger v. Romero-Barcelo,* 456 U.S. 305 (1982) ................................................................. 8

**Statutes**

42 U.S.C. 1983 ....................................................................................................................... 2, 5, 7

Civil Code §3345 ........................................................................................................................... 8

Code of Civil Procedure §526 ....................................................................................................... 8

Federal Rules of Civivil Procedure Rule 12(f) .............................................................................. 7

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................... 1

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

ii

C 07-05462 SBA:  NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE
TO STATE A CLAIM; MEMO. P&A IN SUPPORT THEREOF

200-8155/ATS/341211.doc

Government Code §818 ................................................................................................................7, 8

Health & Safety Code §1250 ............................................................................................................3, 4

Health & Safety Code §1430 ....................................................................................................2, 3, 4, 8

Welfare & Institutions Code §15600 ....................................................................................................2

Welfare & Institutions Code §5000, et seq. .........................................................................................4

Welfare & Institutions Code §5150 ......................................................................................................4

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

iii

**C 07-05462 SBA: NOT. OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMO. P&A IN SUPPORT THEREOF**

200-8155/ATS/341211.doc